**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KATRINA ANDREWS,

> Plaintiff-Appellant,

v.

CENTRAL PARKING SYSTEM,
INC., a Tennessee corporation;
RICHARD LOCHER; PAMELA
OSBORN,

> Defendants-Appellees.

No. 10-1006
(D.C. No. 1:08-CV-01467-CMA-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

After defendant Central Parking System, Inc. (CPS) terminated her

employment as a supervisor at its facility at the Broadmoor Hotel, Katrina

Andrews sued CPS and her supervisors, charging violations of Title VII of the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; of 42 U.S.C. § 1981; and of state tort and contract law. The district court granted summary judgment to the defendants on all of her claims. We affirm.

In a thorough and well-reasoned opinion and order, the district court determined that the defendants were entitled to judgment (1) on Ms. Andrews' claim for a hostile work environment, because she failed to demonstrate that the discriminatory intimidation, ridicule, and insult she allegedly endured was sufficiently severe or pervasive to alter the conditions of her employment and to create a hostile work environment; (2) on her discrimination claim based on unequal pay, because she had presented no evidence of direct discrimination and because she failed to make out a prima facie case of wage discrimination by showing she was paid less than similarly-situated non-African-American employees; (3) on her discrimination claim based on termination of her employment, because she failed to show that she was terminated under circumstances giving rise to an inference of discrimination; (4) on her retaliation claim, because she failed to show that the defendants' legitimate, nondiscriminatory reasons for firing her were pretextual; (5) on her Colorado state law claim for intentional infliction of emotional distress, because she failed to show that defendants' conduct was outrageous; and (6) on her contractually-based claims, because she failed to show that she was not paid according to her contract with CPS or that CPS was unjustly enriched at her expense.

We review the district court's entry of summary judgment *de novo*, applying the same standard as the district court. *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1246 (10th Cir. 2010). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). On appeal,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (brackets and quotations omitted).

Having carefully reviewed the briefs, the record, and the applicable law in light of the above standards, we AFFIRM the district court's entry of summary judgment in favor of the defendants, for substantially the reasons stated in its Opinion and Order Granting Motion for Summary Judgment, dated December 11, 2009.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge